UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY JACKSON, | ) | CASE NO. 1:24-cv-2201 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF OHIO, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |
| | ) | |

**I.    INTRODUCTION**

*Pro se* Plaintiff Anthony Jackson has filed a civil complaint against the State of Ohio that invokes § 1983 as the basis for jurisdiction and seeks monetary damages as relief. (ECF No. 1). Although not specifically set out or separated, the complaint generally asserts: (i) state-law claims for wrongful imprisonment, false imprisonment, and malicious prosecution; and (ii) federal claims for violations of the Fourth, Sixth, and Eighth Amendments. (*Id.* at PageID #4).

With his complaint, Plaintiff filed a motion to proceed *in forma pauperis*. (ECF No. 2). That motion is **GRANTED**. For the reasons discussed below, Plaintiff's complaint is **DISMISSED**.

**II.    STANDARD OF REVIEW AND DISCUSSION**

Plaintiff is proceeding *in forma pauperis*, so his complaint is subject to initial screening under 28 U.S.C. § 1915(e)(2)(B). Under that statute, federal district courts are expressly required to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such

1

relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12 (b)(6) governs dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)).

To survive a dismissal for failure to state a claim, a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a plausible claim for relief on its face. *Id.* at 471. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although detailed factual allegations are not required, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although the standard of review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf or "guess at the nature" of their claims. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Upon review, the Court finds that Plaintiff's complaint must be dismissed under § 1915(e)(2)(B). First, the State of Ohio is not a proper defendant under § 1983. "Section 1983 creates liability for 'persons' who deprive others of federal rights under color of law. Only a 'person' faces liability under the statute." *Hohenberg v. Shelby Cty.*, 68 F.4th 336, 342 (6th Cir. 2023) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989)). It is well-settled that "a State is not a 'person' within the meaning of § 1983." *See Will*, 491 U.S. at 65.

Second, the claims against the State of Ohio are barred by Eleventh Amendment immunity. The Eleventh Amendment grants sovereign immunity to the States, guaranteeing that

2

"nonconsenting States may not be sued by private individuals in federal court." *Guertin v. Michigan*, 912 F.3d 907, 936 (6th Cir. 2019). Under the Eleventh Amendment, the State of Ohio and its agencies are immune from suit "unless the State's immunity has been abrogated by Congress or the State of Ohio has consented to be sued." *Hall v. Brazie*, No. 4:22-cv-2275, 2023 U.S. Dist. LEXIS 50997, at *4 (N.D. Ohio Mar. 24, 2023). "This immunity bars suits 'for injunctive, declaratory or monetary relief.'" *Morgan v. Bd. of Prof'l Resp. of the Supreme Court of Tenn.*, 63 F.4th 510, 515 (6th Cir. 2023) (citation omitted). The State of Ohio has not consented to be sued under § 1983 and Congress has not otherwise abrogated Ohio's Eleventh Amendment immunity with respect to § 1983 claims. *See Ladd v. Marchbanks*, 971 F.3d 574, 578 (6th Cir. 2020) ("Notably, 42 U.S.C. § 1983 does not abrogate the States' sovereign immunity."); *Smith v. DeWine*, 476 F. Supp. 3d 635, 652 (S.D. Ohio 2020) ("The State of Ohio has immunity for all claims against it because Ohio has not consented to suits in federal court nor has Congress abrogated Ohio's immunity under § 1983.").

Finally, the State of Ohio has not waived its Eleventh Amendment immunity for suits asserting violations of state law in federal court. *Ernst v. Rising*, 427 F.3d 351, 368 (6th Cir. 2005) (en banc) ("[T]he States' constitutional immunity from suit prohibits all state-law claims filed against a State in federal court, whether those claims are monetary or injunctive in nature."); *McCormick v. Miami Univ.*, 693 F.3d 654, 664 (6th Cir. 2012). The State of Ohio has solely consented to suits for state-law claims brought before the Ohio Court of Claims. *Allen v. Ohio Dep't of Job & Family Servs.*, 697 F. Supp. 2d 854, 908 (S.D. Ohio 2010) ("The Sixth Circuit has repeatedly and consistently held that the State of Ohio has not consented to be sued for state law claims in federal court. Rather, Ohio has consented to be sued in only one forum—the Ohio Court of Claims."). Because the State of Ohio is not amenable to suit under § 1983 and is also entitled

to Eleventh Amendment immunity on all federal and state-law claims, the Court lacks subject matter jurisdiction over this action.

### III. CONCLUSION

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, and his complaint (ECF No. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: March 11, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**