**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY JACKSON, | ) | CASE NO. 1:24-cv-2201 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| CUYAHOGA COUNTY, OHIO, *et al.*, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |
| | ) | |

Before the Court are two motions: (i) Defendants Jane/John Doe NorthCoast Behavioral Healthcare Staff 11–20's motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) ("Motion to Dismiss") (ECF No. 23); and (ii) Defendants Cuyahoga County and Cuyahoga County Sheriff's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) ("MJOP") (ECF No. 24). For the reasons discussed below, the Motion to Dismiss and MJOP are both **GRANTED**.

## I. BACKGROUND

On December 18, 2024, Plaintiff Anthony Jackson, proceeding *pro se*, filed a civil complaint against the State of Ohio asserting state-law claims for wrongful imprisonment, false imprisonment, and malicious prosecution, as well as federal claims for violations of the Fourth, Sixth, and Eighth Amendments. (ECF No. 1). On March 11, 2025, the Court dismissed the case pursuant to 28 U.S.C. § 1915(e)(2)(B) because the State of Ohio is not a proper defendant under § 1983 and the claims asserted against the State of Ohio are barred by Eleventh Amendment immunity. (ECF No. 3).

1

Plaintiff appealed the dismissal, (ECF No. 5), and the Sixth Circuit issued an opinion vacating the dismissal and remanding with instructions to dismiss the complaint but grant Plaintiff leave to amend, *Jackson v. Ohio*, No. 25-3270, 2025 LX 559659, 2025 WL 3730297 (6th Cir. Dec. 23, 2025).  On January 15, 2026, the Court granted Plaintiff leave to file an amended complaint by February 16, 2026. (ECF No. 10).  Plaintiff filed a timely amended complaint, (ECF No. 11), and then subsequently filed a second amended complaint on March 9, 2026, (ECF No. 14).[1]

The second amended complaint names Cuyahoga County, the Cuyahoga County Sheriff, John/Jane Doe Jail Officers 1-10, and Jane/John Doe NorthCoast Behavioral Healthcare Staff 11–20 as defendants, alleging that: (i) Plaintiff was held in detention even after posting bail; (ii) on January 22, 2021, John/Jane Doe Jail Officers 1-10 used excessive force on Plaintiff during his time in detention; and (iii) Jane/John Doe NorthCoast Behavioral Healthcare Staff 11–20 failed to provide adequate medical care after the excessive force incident and physically forced Plaintiff down and injected him with a chemical substance against his will sometime between April 22, 2021 and May 20, 2021.  (ECF No. 14, PageID #131–32).  The second amended complaint asserts six causes of action under § 1983: (i) "Unconstitutional Continued Detention/Unreasonable Seizure (Fourth and Fourteenth Amendments)" (Count I); (ii) "Excessive Force (Fourteenth Amendment)" (Count II); (iii) "Denial of Adequate Medical Care (Fourteenth Amendment)" (Count III); (iv) "Monell Liability" (Count IV); (v) "Fourteenth Amendment: Excessive Force / Bodily Integrity" (Count V); (vi) "Fourteenth Amendment: Deliberate Indifference to Serious Medical Needs" (Count VI).  (*Id.* at PageID #132–33).

---

[1] On February 27, 2026, Plaintiff moved for leave to file a second amended complaint, (ECF No. 13), which was granted by the assigned Magistrate Judge, (Order [non-document] dated Mar. 9, 2026).

On May 21, 2026, Defendants Jane/John Doe NorthCoast Behavioral Healthcare Staff 11–20 ("Northcoast Defendants") filed the Motion to Dismiss.  (ECF No. 23).  On May 26, 2026, Defendants Cuyahoga County and Cuyahoga County Sheriff ("County Defendants") filed the MJOP.  (ECF No. 24).  Plaintiff filed an omnibus opposition to the Motion to Dismiss and MJOP, (ECF No. 26), as well as a supplemental response in opposition, (ECF No. 29).  Northcoast Defendants and County Defendants filed their respective reply briefs on July 16, 2026.  (ECF Nos. 32, 33).

## II.    STANDARD OF REVIEW

### A.    Rule 12(b)(6) and Rule 12(c)

After the pleadings are closed, a party may move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), which is essentially a delayed motion to dismiss under Rule 12(b)(6) and is evaluated under the same standards.  *See Anders v. Cuevas*, 984 F.3d 1166, 1174 (2021).  To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  Rule 8(a)(2) provides that the complaint should contain a short and plain statement of the claim, but that it should be more than a "the-defendant-unlawfully-harmed-me" accusation.  *Id.* at 677–78 (citing *Twombly*, 550 U.S. at 555).  A plaintiff must provide sufficient grounds to show entitlement to relief; "labels, conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to

raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.* When reviewing a complaint, a court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

When deciding a motion to dismiss under Rule 12(b)(6) or Rule 12(c), generally, the Court cannot consider matters outside the pleadings, unless the motion is converted to a motion for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d). Still, the Court may consider exhibits attached to or otherwise incorporated in the complaint without converting a Rule 12(b) or (c) motion to dismiss into a motion for summary judgment. Fed. R. Civ. P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

### B. Rule 12(b)(5)

Rule 12(b)(5) permits parties to move for dismissal based on insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5); *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012). The plaintiff bears the burden of demonstrating that proper service was made. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). To determine whether a plaintiff has satisfied this burden, a court may consider "'record evidence' and 'uncontroverted affidavits.'" *Chapman v. Lawson*, 89 F. Supp. 3d 959, 971 (S.D. Ohio 2015) (quoting *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006); *Chulsky v. Golden Corral Corp.*, 583 F. Supp. 3d 1059, 1069 (S.D. Ohio 2022) ("[A] court may look outside the pleadings to determine whether this showing has been made.").

### III. DISCUSSION

The Court will first address the statute of limitations argument raised by both the Northcoast Defendants and County Defendants (collectively, "Defendants") in their respective

4

motions.  Defendants argue that Plaintiff's claims against them are barred by the two-year statute of limitations for § 1983 claims because Plaintiff's various § 1983 claims accrued throughout dates in 2021, with December 16, 2021 being the latest date or accrual, and this action was not filed until December 2024.  (ECF No. 23, PageID #343–44; ECF No. 24, PageID #358–59).  Plaintiff responds that his claims did not accrue until his unlawful detention ended on December 16, 2021.  (ECF No. 26, PageID #371; ECF No. 29, PageID #376).

The statute of limitations for § 1983 claims is determined by the limitations period for personal injury claims.  *Beaver St. Invs., LLC v. Summit Cty.*, 65 F.4th 822, 826 (6th Cir. 2023) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)); *Bowden v. City of Franklin*, 13 F. App'x 266, 272 (6th Cir. 2001); *see also Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 1989) ("The Supreme Court has held that § 1983 claims are best characterized as tort actions for the recovery of damages for personal injury and that federal courts must borrow the statute of limitations governing personal injury actions from the state where the § 1983 action was brought.").  The Ohio statute of limitations for personal injury claims is two years.  Ohio Rev. Code Ann. § 2305.10 (LexisNexis 2024); *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989).  Thus, the Sixth Circuit has held that a two-year statute of limitations applies to § 1983 claims in Ohio.  *See Beaver St. Invs.*, 65 F.4th at 826; *Cooey*, 479 F.3d at 416 (citing *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003); *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989) (en banc)).

Federal law governs the question of when the limitations period for § 1983 claims begins to run.  *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984); *see also Bowden*, 13 F. App'x at 272 ("While statutes of limitations and tolling principles are governed by state law, the question of when a federal civil rights claim accrues remains one of federal law.").  "[I]t is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the

plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (cleaned up).  Because an action generally accrues "when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred," courts usually determine the accrual of a § 1983 action by "look[ing] to the event that should have alerted the typical lay person to protect his or her rights." *Cooey*, 479 F.3d at 416 (citations omitted).  "The cause of action accrues even though the full extent of the injury is not then known or predictable." *Wallace*, 549 U.S. at 391 (citations omitted). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Sevier*, 742 F.2d at 273.

According to the second amended complaint, Plaintiff's claims for excessive force (Count II and V), as well as his claims for inadequate medical care and deliberate indifference to serious medical needs (Counts III and VI), are based on the January 22, 2021 incident and Defendants' alleged conduct between April 22, 2021 and May 20, 2021.  (ECF No. 14, PageID #131–33).  Plaintiff's claim for unconstitutional detention/unreasonable seizure (Count I) would have accrued, at the latest, on the date he was released from custody.  According to the findings of fact provided by Plaintiff, (ECF No. 11-1, PageID #54), and Plaintiff's own admissions, (ECF No. 26, PageID #371; ECF No. 29, PageID #376), Plaintiff was released from his alleged unconstitutional detention without bail on December 16, 2021.  Plaintiff's claims for *Monell* liability (Count IV) would have each accrued based on the corresponding underlying claims against the individual Defendants, which allegedly occurred while Plaintiff was still in custody.

The Court finds that Plaintiff's claims are all time-barred.  Based on the pleadings, the latest date that Plaintiff's claims would have accrued was on December 16, 2021—the date he was released from the alleged unconstitutional detention.  Moreover, Plaintiff argues that his claims accrued on December 16, 2021.  Because the original complaint was filed on December 18, 2024,

more than three years after Plaintiff's § 1983 claims accrued, his claims are barred by the two-year statute of limitations and are subject to dismissal.  Accordingly, Plaintiff's claims against Defendants are **DISMISSED WITH PREJUDICE**.  Because all claims are time-barred, the Court declines to address Defendants' remaining arguments for dismissal.

## IV.     CONCLUSION

For the foregoing reasons, Northcoast Defendants' Motion to Dismiss (ECF No. 23) and County Defendants' MJOP (ECF No. 24) are **GRANTED**.  Plaintiff's claims against Defendants are all barred by the statute of limitations and **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Date:  July 16, 2026

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**